IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| CHARYSE M. MCMILLION, | ) | CASE NO.1:20-CV-02356 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| Defendant, | ) | |

**Introduction**

Before me[1] is an action under 42 U.S.C. § 405(g) by Charyse M. McMillion seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied McMillion's 2018 application for disability insurance benefits.[2] The Commissioner has filed the transcript of the administrative proceedings.[3] Pursuant to the initial[4] and procedural orders,[5] the parties have briefed their positions[6] and filed supplemental fact

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge James S. Gwin. ECF No. 16.
[2] ECF No. 1.
[3] ECF No. 11. Under Local Rule 16.3.1(d) the filing of a certified copy of the transcript is sufficient to constitute the Commissioner's answer.
[4] ECF No. 5.
[5] ECF No. 12.
[6] ECF Nos. 18 (McMillion), 21 (Commissioner), 22 (McMillion reply).

sheets and charts.[7] The parties have met and conferred with the goal of reducing or clarifying the issues.[8] They have participated in a telephonic oral argument.[9]

For the following reasons, the decision of the Commissioner will be reversed and the matter remanded.

## Facts

McMillion, who was 34 years old on the alleged onset date in 2016,[10] is a married mother of two[11] who has past relevant work as a family physician.[12] The ALJ found that McMillion has the following severe impairments: systemic lupus erythematosus; chronic fatigue; immune thrombocytopenic purpura (ITP) with persistent thrombocytopenia; polyneuropathy; major depressive disorder, recurrent; and attention deficit hyperactivity disorder (ADHD.[13] She then found that McMillion did not have an impairment or combination of impairments that meets or medically equals a listing.[14]

In so doing, the ALJ paid specific attention to Listings 7.08 (disorders of thrombosis and hemostasis), 11.14 (peripheral neuropathy), 12.04 (depressive, bipolar and related disorders), 12.11 (neurodevelopmental disorders) and 14.02 (systemic lupus

---

[7] ECF Nos. 18, Attachments (McMillion), 21, Attachment (Commissioner).
[8] ECF No. 23.
[9] ECF No. 25.
[10] Tr. at 25.
[11] *Id*. at 16.
[12] *Id*. at 26.
[13] *Id*. at 13.
[14] *Id*.

erythematosus). [15]As to McMillion's lupus, the ALJ stated that rheumatology records for the relevant period show McMillion was alert and in no acute distress, with no abnormalities found.[16]Thus the ALJ concluded that McMillion did not meet the listing for lupus.[17]

The ALJ further considered the June 2019 opinion of McMillion's rheumatologist, Dr. Donna Cicero, M.D., which states that McMillion's body systems show a moderate degree of involvement with lupus and that she meets Listing 14.02 because she had exacerbations every two to four weeks.[18]The ALJ found that opinion unpersuasive because it was not supported by the other evidence.[19]

As to McMillion's mental impairments, the ALJ addressed the paragraph B criteria of Listings 12.04 and 12.11, finding that McMillion had only mild or moderate limitations in the four areas of functioning.[20]

The ALJ then found that McMillion has an RFC for sedentary work, with certain additional physical and mental limitations.[21]In forming the RFC, the ALJ considered the testimony of McMillion herself, that of a family member, McMillion's daily activities, the records of her primary care provider, various rheumatology and neurology providers,

---

[15] *Id*. at 13-14.
[16] *Id*. at 14.
[17] *Id*.
[18] *Id.*
[19] *Id*.
[20] Id. at 14-15.
[21] *Id*. at 15.

clinical evidence, a psychological consultative examination, a GAF score, McMillion's psychiatrist and the reports of state agency reviewers.[22] Of these, the ALJ found the state agency consultants' functional opinions to be "rather persuasive"(psychological reviewers)[23] and "generally persuasive"(physical reviewers).[24] No other opinion or record was found more persuasive.

After finding that McMillion could not perform her past relevant work, the ALJ, with the assistance of testimony from a VE, found that McMillion could perform the duties of charge account clerk, information clerk and circuit board tester.[25] She further found that jobs in all these functions were available in significant numbers in the national economy.[26]

Thus, McMillion was found not disabled.[27]

**Analysis**

Initially, I observe that this matter is adjudicated under the well-established substantial evidence standard, which need not here be restated. Further, the opinion evidence is evaluated under the newer rubric that assesses its persuasiveness. That test also need not be restated.

McMillion raise two related issues on judicial review:

---

[22] *Id*. at 17-26.
[23] *Id*. at 25.
[24] *Id*. at 21.
[25] *Id*. at 26-27.
[26] *Id*. at 27.
[27] *Id*. at 28.

1.    Whether the ALJ's RFC finding is supported by substantial evidence where multiple sources have identified limitations inconsistent with the ability to work on a regular and continuing basis. The ALJ only reviewed such opinions for supportability and not consistency in her evaluation of the question of persuasiveness.

2.    Whether the ALJ erred in finding that McMillion's impairments could reasonably cause her symptoms but provided only non-specific analysis of why, in this case, they did not.[28]

In reviewing these issues, together with the Commissioner's response, it is clear that two underlying, but unarticulated, analytical lenses are work.

To the Commissioner, it appears as if ALJ has cited substantial evidence for her conclusions and that McMillion is merely attempting to highlight different portions of the record in an attempt to create a dispute that she seeks the court to resolve. Under the substantial evidence standard, the fact that the ALJ, with citations to objective medical and testimonial evidence, found some opinions more persuasive than others does not warrant this court reweighing the evidence and substituting its judgment for the Commissioner's.[29]

To McMillion, the ALJ's citation to positive evidence misses the fact that whatever improvements or abilities that were located in the evidence do not relate to abilities to that

---

[28] ECF No. 18 at 1.
[29] See, ECF No. 21 at 1-5

are sustainable over a full workday or workweek, and that the ALJ never engaged in such an analysis.[30]

McMillion has the better of this argument.

I note initially that McMillion was not actually diagnosed with lupus until February 2018,[31] thus at least somewhat calling into question prior assessments that may not have recognized the reality and dimensions of whatever symptoms were being presented. Further, the testimony of McMillion was that her lupus was persistent and "progressing," and that "all her other conditions had worsened as well."[32] Likewise, the report from a family member also stated that McMillion was observed to have a "significant decline in her abilities over the last three years."[33] Moreover, in addition to a general overall decline in ability over the past few years, the records of Dr. Cicero note that the symptoms come and go with good days and bad.[34]

As I discussed in *Davis v. Commissioner*,[35] a case under the prior regulations and involving a similar listing (14.10), without a determination of whether there were more good days than bad, it was impossible to determine whether the severity of the claimant's symptoms precluded work at the level described in the RFC. What may have been possible on a good day – a day that might have corresponded to a positive examination finding –

---

[30] ECF No. 22.
[31] Tr. at 20.
[32] *Id*. at 16.
[33] *Id*.
[34] *Id*. at 1104-09 (March 14, 2019).
[35] 2015 WL 4611927 (N.D. Ohio July 31, 2015).

may not be possible on a bad day. The ALJ needed to have recognized that McMillion's symptoms were in that "good day/bad day" category when assessing the persuasiveness of opinions and the supportability of functional limitations.[36]

In addition, the evidence also points to a worsening of McMillion's symptoms over the last few years. Like the "good day/bad day" analysis, the ALJ needed to account for the evidence that the symptoms had recently worsened when examining older evidence as support for current functional limitations.

## Conclusion

For the reasons stated, the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: March 31, 2022

Signed by:
  s/William H. Baughman Jr.
United States Magistrate Judge

---

[36] Recently, in *Gase v. Comm'r*, 2021 WL 4477783 at **3-4 (N.D. Ohio Sept. 30, 2021) I found that the ALJ had done such an analysis and found that the number of bad days were reduced by medication. By contrast, in *Nazimiec v. Comm'r,* 2019 WL 1903510, at *2 (N.D. Ohio April 29, 2019), I found that the ALJ failed to understand the "good day/bad day" analysis and improperly found the fact that the claimant *averaged* two seizures a month inconsistent with the claimant having only one seizure in the most recent month.